# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ANDREA STILLWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:21CV298 |
| | ) | |
| UNITED STATES OF AMERICA and | ) | |
| UNITED STATES DRUG | ) | |
| ENFORCEMENT | ) | |
| ADMINISTRATION, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Defendants United States of America and United States Drug Enforcement Administration's ("DEA") (collectively "Defendants") Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry 6.) Plaintiff Andrea Stillwell has filed a response (Docket Entries 9, 10) and Defendants have filed a reply (Docket Entry 11). For the following reasons, the undersigned will recommend that Defendants' motion be granted in part and denied in part.

## I. BACKGROUND

Plaintiff brings this action requesting the return of property seized during the execution of a search warrant on July 23, 2015. (*See generally* Complaint, Docket Entry 1 at 5.)[1] The DEA executed the warrant at the home of Plaintiff and her husband, Carl David Stillwell, located at

---

[1] Unless otherwise noted, all citations in this recommendation refer to the page numbers at the bottom right-hand corner of the documents as they appear in the Court's CM/ECF system.

1

76 Grandfather Oak Road, in Roxboro, North Carolina. (*Id.*) Items seized included "various computers, notepads, hard drives, memory devices . . . , and 3 boxes of gun parts." (*Id.*)

On April 9, 2021, Plaintiff filed this action to recover the above-named property seized during the execution of the search warrant. (*See id.*) Plaintiff alleges that the 3 boxes of gun parts were not specified on the search warrant and asserts that they are not related to any crime. (*Id.*) Plaintiff further alleges that while the computers and other electronic equipment were specified on the warrant, the related trial has concluded with a verdict and the government has had ample time to extract any information or data that it wants from the equipment. (*Id.*)

On June 2, 2021, Defendants filed the pending motion to dismiss. (Docket Entry 6.) For further context, Defendants explained that Mr. Stillwell was arrested pursuant to a federal warrant during the same time as the execution of the search warrant on the residence. (Docket Entry 7 at 2 (citing *United States. v. Stillwell*, Case No. 1:15-mj-00242-LPA (M.D.N.C. Jun. 23, 2015), ECF No. 1, and *United States. v. 76 Grandfather Oak Road, Roxboro, North Carolina* (hereinafter "*76 Residence*"), Case No. 1:15-mj-00232-LPA (M.D.N.C. Jun. 23, 2015), ECF No. 3.) The government notes that the items seized pursuant to the search warrant included over 150 firearms, as well as the items listed in the Complaint in this matter. (*See id.* (citing *76 Residence*, ECF No. 3).)

The government further contends that Mr. Stillwell was committed to the Southern District of New York, where he is facing prosecution on charges of "murder-for-hire, related conspiracy and firearm charges, and a money laundering conspiracy charge." (*Id.* (citing Case No. 13-cr-521-RA-7, ECF No. 166 (S.D.N.Y.).) Mr. Stillwell was convicted by a jury in New

2

York on all counts on April 18, 2018. (*Id.* (citing Case No. 13-cr-521-RA-7, ECF No. 567 (S.D.N.Y.).) Mr. Stillwell appealed his conviction. *See United States v. Stillwell*, 986 F.3d 196 (2d Cir. 2021). In January 2021, the Second Circuit Court of Appeals remanded Mr. Stillwell's case to the Southern District of New York for further consideration based on new evidence and motions for a new trial. *Id.* at 201. It is undisputed that Mr. Stillwell's criminal matter remains pending in the Southern District of New York. (*See* Docket Entry 7 at 3; Docket Entry 10 at 2.)

## II. DISCUSSION

At the outset, the undersigned notes that the property that remains at issue are the computer and other electronic devices, as Defendants agree that the boxes of gun parts claimed by Plaintiff no longer have evidentiary value and may be released. (*See* Docket Entry 11 at 1-2.) The government intends to release the boxes of gun parts to Plaintiff, pending Mr. Stillwell's authorization and a determination that Plaintiff is not prohibited from possessing any of the gun parts under any applicable law. (*See* Docket Entry 11 n.1.)[2] As such, Defendants' motion should be denied as to the boxes of gun parts. However, Defendants assert that Plaintiff's claims regarding the electronic devices should be denied, as they have evidentiary value, and the need remains to retain the devices for use as evidence at a potential new trial or in other future proceedings. (*Id.* at 2-4.)

In considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted," a court must

---

[2] At the Court's request, the parties filed a Joint Status Report indicating that "the gun parts are scheduled to be released to Ms. Stillwell from the Person County, North Carolina sheriff's office on December 27, 2021, pending the consent of Mr. Stillwell." (Docket Entry 12 at 1.)

3

determine whether the complaint is legally and factually sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.; see also Simmons v. United Mortg. and Loan Inv., LLC,* 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (citations and quotations omitted). The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal,* 556 U.S. at 678, and *Twombly,* 550 U.S. at 557).[3]

---

[3] The undersigned notes that Plaintiff's Complaint did not explicitly refer to Mr. Stillwell's criminal proceedings, though it did state that "the trial has concluded and the verdict [has been] rendered." (Compl. at 5.) In addition, Plaintiff attached documents, including those related to the criminal proceedings, to her response in opposition to Defendants' motion. (*See* Docket Entry 10 at 15-54.) "Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006). However, there are some exceptions.

4

"A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g).[4] "Property" is defined to include "documents, books, papers, any other tangible objects, and information." Fed. R. Crim. P. 41(a)(2)(A). Rule 41(g) may be used to begin proceedings to "recover seized property that the government has seized after the end of a criminal case." *Bullock v. United States*, 176 F. Supp. 3d 517, 523 (M.D.N.C. 2016) (quoting *United States v. Soza*, 599 F. App'x 69, 70 (4th Cir. 2015)); *see also United States v. Garcia*, 65 F.3d 17, 20 (4th Cir. 1995).

Defendants contend that Plaintiff's claim as to the electronic items should be denied because the property is still being held as evidence in pending criminal matters. At the conclusion of criminal proceedings, the person from whom the property was seized is presumed to have a right to its return. *United States v. Roca*, 676 F. App'x 194, 194 (4th Cir.

---

"[O]n a motion to dismiss, a court may consider documents attached to the complaint as an exhibit or incorporated in it by reference, . . . matters of which judicial notice may be taken, or . . . documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Bryant v. Washington Mut. Bank*, 524 F. Supp. 2d 753, 757 n.4 (W.D. Va. 2007), *aff'd*, 282 F. App'x 260 (4th Cir. 2008). Here, the undersigned need not convert Defendants' motion into one for summary judgement as the Court may take judicial notice of and consider the criminal court records noted in the Recommendation herein. *Humane Soc'y of the United States v. Hanor Co. of Wisconsin, LLC*, No. 4:15-CV-109-FL, 2016 WL 3435192, at *3 (E.D.N.C. June 17, 2016) (unpublished) (citation omitted) ("The court also may properly take judicial notice of matters of public record in evaluating a Rule 12(b)(6) motion.") As to Plaintiff's other documents attached to her response brief, the undersigned need not consider such documents as Defendants have already conceded that the items are subject to release.

[4] While the Complaint alleges a basis for jurisdiction pursuant to the Fourth and Fifth Amendments as well as 18 U.S.C. § 983 (*See* Compl. at 3), the undersigned construes Plaintiff's claim for return of property pursuant to Federal Rule of Criminal Procedure 41(g). The undersigned does so for two reasons. First, Plaintiff originally filed a Rule 41(g) motion in the *76 Residence* matter, which was denied without prejudice to her "right to file a proper civil action seeking post-conviction return of seized property." (*76 Residence*, ECF No. 5; Text Order dated 9/3/2019.) Plaintiff states in her response brief in this action that the instant Complaint is her "filing of the proper civil action." (Docket Entry 10 at 3.) Second, Plaintiff's response brief also relies on the process for which return of property may occur pursuant to Rule 41(g). (*See generally* Docket Entry 10.)

5

2017). However, when a criminal prosecution is still pending, "the movant bears the burden of demonstrating [her] entitlement to the return of the property." *Id.* The movant is not entitled to lawful possession of the seized property if "the government's need for the property as evidence continues." *Bullock*, 176 F. Supp. 3d at 523 (quoting *Soza*, 599 F. App'x at 70); *see also United States v. Rudisill*, 358 F. App'x 421, 422 (4th Cir. 2009) (internal citation and quotations omitted) (A "Rule 41(g) motion may be denied if the [movant] is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues.").

Here, Plaintiff has not met her burden that she is entitled to lawful possession of the seized electronic devices at this time. She acknowledges that Mr. Stillwell has appealed his conviction. (Docket Entry 10 at 2.) She further concedes that the criminal case was remanded to the Southern District of New York, and that it remains pending on motions based on new evidence and for a new trial. (*Id.*) Plaintiff's primary argument for the return of the electronic devices appears to be that the government has had ample time to copy, analyze, and extract evidence from said devices. (*See id.* at 7-8.) However, the government contends that the devices themselves retain evidentiary value, as criminal proceedings remain against Mr. Stillwell and the electronic devices may be needed to prove chain of custody at a potential new trial or future proceedings. (Docket Entry 11 at 3-4.)

The undersigned agrees with the latter. While Plaintiff argues that the "devices themselves were not necessarily evidence" but rather "the data on them," (*see* Docket Entry 10 at 7), the search warrant specifically authorized seizure of materials relating to certain criminal offenses in the form of "[e]lectronic devices . . . and storage media used in furtherance

6

of the Subject Offenses or containing evidence authorized for seizure [otherwise noted in the warrant]." (*76 Residence*, ECF No. 2 at 5.) Indeed, as the government's need for the property as evidence continues, the Court should grant Defendants' motion to dismiss for failure to state a claim as it pertains to the electronic devices.[5] *See United States v. Myles*, No. 17-3817, 2019 WL 12059384, at *3 (6th Cir. Feb. 21, 2019) (to the extent raised, the district court did not abuse its discretion in denying motion for return of property "because criminal proceedings had not terminated. . . ."), *cert. denied*, 139 S. Ct. 2679, 204 L. Ed. 2d 1080 (2019), *reh'g denied*, 140 S. Ct. 632, 205 L. Ed. 2d 411 (2019); *Moon v. Fischer*, No. 3:15-CV-274, 2017 WL 5239963, at *6 (S.D. Ohio June 28, 2017) (unpublished) (denying plaintiff's motion for the return of his property because the property at issue remained in possession of the Internal Revenue Service as a result of ongoing criminal proceedings); *Search Warrant for the Pers. of John F. Gill & the Premises Located at 28 W. Side Drive, Cameron, N.C.*, No. 5:12-MJ-1966-JG-1, 2014 WL 1331165, at *2 (E.D.N.C. Feb. 19, 2014) (property not returned where there was a need for continued retention of the property as evidence in formal military

---

[5] Plaintiff's use of two primary cases in support of her argument is unpersuasive. In *United States v. Gladding*, 775 F.3d 1149 (9th Cir. 2014), the defendant sought return of noncontraband computer files from his electronic devices. The request was made *after* the defendant plead guilty; thus, the burden was with the government to establish legitimate reason to retain the property. *Id.* at 1152-53. Unlike in *Gladding*, Mr. Stillwell has filed post-trial motions and his case is on remand with the possibility of a new trial. In *United States v. Salami*, 1:19-CR-642, 2020 WL 6151098 (M.D.N.C. Oct. 20, 2020) (unpublished), the parties agreed to pretrial diversion, leading the government to return 17 of 21 electronic devices part of an investigation for marriage fraud. *Id.* at *1-2. The government, with the burden, unsuccessfully sought to retain the remaining devices as contraband when they were unable to prove that the images in question were, in fact, child pornography. *Id.* at *2-4. In the instant matter, there was no pretrial diversion and ongoing proceedings remain.

proceedings), *report and recommendation adopted as modified*,[6] No. 5:12-MJ-1966-BO, 2014 WL 1331013 (E.D.N.C. Mar. 31, 2014); *United States v. Robinson*, No. 3:12-CR-32, 2013 WL 3778787, at *2 (S.D. Ohio July 18, 2013) (unpublished) (internal quotations and citation omitted) ("[B]ecause Defendant has appealed his conviction and sentence in this case, the Government has a continuing interest in the property while there remains the chance that the case could be remanded.").

### III. CONCLUSION

For the reasons stated herein, **IT IS HEREBY RECOMMENDED** that Defendants' Motion to Dismiss (Docket Entry 6) be **GRANTED IN PART AND DENIED IN PART** to the extent that: (1) the boxes of gun parts claimed by Plaintiff which Defendants concede no longer have evidentiary value should be released; (2) the computer and other electronic devices should be retained by Defendants during the pendency of Mr. Stillwell's ongoing criminal prosecution; and (3) this action should be dismissed without prejudice.

                                                                                                              _____
                                                                                                              Joe L. Webster
                                                                                                              United States Magistrate Judge

December 28, 2021
Durham, North Carolina

---

[6] The district judge ordered that the petitioner's motion for return of property be denied *with* prejudice after finding that the petitioner "is not and never will be entitled to lawful possession of the iPhone and therefore there is no need to allow [him] to renew his motion after the [military] proceedings against him have been concluded." *Search Warrant for the Pers. of John F. Gill & the Premises Located at 28 W. Side Drive, Cameron, N.C.*, No. 5:12-MJ-1966-BO, 2014 WL 1331013, at *3 (E.D.N.C. Mar. 31, 2014) (unpublished).