IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


ANDREA STILLWELL,                    )
                                     )
          Plaintiff,                 )
                                     )
     v.                              )          1:21CV298
                                     )
UNITED STATES OF AMERICA and         )
UNITED STATES DRUG ENFORCEMENT       )
ADMINISTRATION,                      )
                                     )
          Defendants.                )


## ORDER

This matter is before this court for review of the
Memorandum Opinion and Recommendation of United States
Magistrate Judge, ("Recommendation"), filed on December 28,
2021, in accordance with 28 U.S.C. § 636(b). (Doc. 13.) In the
Recommendation, the Magistrate Judge recommends that Defendants'
motion to dismiss, (Doc. 6), be granted in part and denied in
part, (Doc. 13 at 8). Specifically, the Magistrate Judge
recommends that an order be entered that (1) directs Defendants
to release certain boxes of gun parts claimed by Plaintiff that
have no further evidentiary value, (2) allows Defendants to
retain a computer and other electronic devices for the time
being, and (3) dismisses the action without prejudice. (Id.) The
Recommendation was served on the parties to this action on

December 28, 2021. (Doc. 14.) Shortly after, Plaintiff filed a
pleading entitled "Motion Regarding Return of Property
Referenced in Joint Status Report," (Doc. 15), and Defendants
responded, (Doc. 16). Plaintiff replied. (Doc. 18.) These
matters are now ripe for ruling.

Plaintiff, in her motion, states that she "accept[s] the
recommendation of the court." (Doc. 15 at 1.) Although that
statement suggests de novo review of the Recommendation is not
required, the additional requests in the motion, as will be
described further, compel this court to treat the motion as an
objection out of an abundance of caution. This court is required
to "make a de novo determination of those portions of the
[Magistrate Judge's] report or specified proposed findings or
recommendations to which objection is made." 28 U.S.C.
§ 636(b)(1)(C). This "court may accept, reject, or modify, in
whole or in part, the findings or recommendations made by the
[M]agistrate [J]udge . . . or recommit the matter to the
[M]agistrate [J]udge with instructions." Id.

This court has appropriately reviewed the portions of the
Recommendation to which objections were made and has made a
de novo determination which is largely in accord with the
Magistrate Judge's Recommendation. Nevertheless, in view of
Plaintiff's motion regarding the return by Defendants of the

-2-

three boxes of gun parts, this court finds additional analysis is appropriate.

First, in her motion, Plaintiff states that she "will pose an additional question regarding the property return referenced in the Joint Status Report filed [o]n 22Dec2021." (Doc. 15 at 1.) Plaintiff requests that "the Court or the Defendants . . . clarify the process and requirements needed in order to have these 3 suppressors released to me." (Id.) This court does not render advice nor does this court provide advisory opinions. Plaintiff should seek legal advice and counsel from an attorney if necessary to resolve these matters. This court will therefore construe Plaintiff's motion as a motion to compel Defendants to release the three suppressors to Plaintiff.

The facts, as described in the Joint Status Report, (Doc. 12), and Plaintiff's motion and the subsequent briefing, (Docs. 15, 16, 18), are relatively undisputed. Those facts are as follows.

Among the property which Plaintiff sought return by this action were certain gun parts, apparently contained in three boxes. (Doc. 1 at 5; Doc. 12.) On December 27, 2021, Plaintiff appeared at the office of the Person County Sheriff to take possession of the gun parts released by the United States. (Doc. 15 at 1.) All the gun parts, except three suppressors,

-3-

were released to Plaintiff. (Id.) The parties agree that a
suppressor is regulated as a firearm. (Compare id., with Doc. 16
at 1–2.) The Government contends that the suppressors were not
released to Plaintiff for two reasons. First, the Government
contends Plaintiff could not provide proof that she is the owner
of the suppressors. (Doc. 16 at 2.) Second, the Government
contends providing the suppressors to Plaintiff would be
inconsistent with Henderson v. United States, 575 U.S. 622
(2015). (Id.)

It is undisputed that Plaintiff has provided evidence as to
the ownership of the suppressors through ATF Form 4s. (Doc. 18-
1.) Those forms show the suppressors are respectively owned by
"Carl David Stillwell Revocable Living Trust," "Grandfather Oak
Custom Carry, L.L.C.," and "Carl David Stillwell." (Id. at 2, 4,
6.) Plaintiff contends she is entitled to the suppressor owned
by the "Carl David Stillwell Revocable Living Trust" as the
successor trustee. (Doc. 18 at 1.) Plaintiff contends she is
entitled to the suppressor owned by "Grandfather Oak Custom
Carry, L.L.C." because she was a "member/manager[]" and "part
owner of the company." (Id.) And finally, she contends she is
entitled to the suppressor owned by Mr. Stillwell as that
suppressor is marital property. (Id. at 2.) Plaintiff has

-4-

attached a copy of a power of attorney from Mr. Stillwell appointing Plaintiff as his agent. (Doc. 18-4.)

Neither party contends that Mr. Stillwell may possess the suppressors. To the contrary, it appears that because of a disqualifying felony conviction, the parties agree Mr. Stillwell is prohibited from possessing a firearm. (<u>Compare</u> Doc. 16 at 2, <u>with</u> Doc. 18 at 2.)

## I. <u>Analysis</u>

Mr. Stillwell, as a convicted felon, is prohibited from possessing firearms. 18 U.S.C. § 922(g)(1). "Section 922(g) proscribes possession alone, but covers possession in every form. By its terms, § 922(g) does not prohibit a felon from <u>owning</u> firearms. Rather, it interferes with a single incident of ownership . . . by preventing the felon from knowingly <u>possessing</u> his (or another person's) guns." <u>Henderson v. United States</u>, 575 U.S. at 626. Possession, as used in § 922(g), includes both actual and constructive possession. <u>Id.</u> "Section 922(g) thus prevents a felon not only from holding his firearms himself but also from maintaining control over those guns in the hands of others." <u>Id.</u>

In <u>Henderson</u>, the Supreme Court squarely addressed the issue of whether "§ 922(g) categorically prohibits a court from approving a convicted felon's request to transfer his firearms

-5-

to another person." Id. at 625. The Court concluded it does not. Id. at 630. However, the Court further held that a court may approve the transfer of guns "if, but only if, that disposition prevents the felon from later exercising control over those weapons, so that he could either use them or tell someone else how to do so." Id.

This court finds that Plaintiff has failed to show Defendants wrongfully declined to deliver possession of the suppressors to Plaintiff. Whether through a marital interest as wife of Mr. Stillwell and pursuant to the power of attorney, as successor trustee for the living trust, or as a member/manager of Grandfather Oak Custom Carry, L.L.C., delivery of the suppressors to Plaintiff would contravene the continuing prohibition on felon-directed transfers recognized by Henderson. "A court may . . . grant a felon's request to transfer his guns to a person who expects to maintain custody of them, so long as the recipient will not allow the felon to exert any influence over their use." Id. Plaintiff's motion should therefore be denied on the facts before this court.

Plaintiff's reply brief suggests a different alternative, that is, that this court allow the suppressors to be turned over to a federal firearms dealer for sale so that they can be sold and the proceeds delivered to Plaintiff as Mr. Stillwell's

-6-

agent. (Doc. 18 at 2.) This court declines to order that procedure for two reasons. First, that procedure constitutes a new matter raised in a reply brief. "A reply brief is limited to discussion of matters newly raised in the response." LR 7.3(h). While Defendants did raise the application of <u>Henderson</u> in their response, Defendants did not raise any matters to suggest Plaintiff was free to suggest alternative procedures in reply. This court does not provide advisory opinions, advice, or counsel.

Plaintiff's motion and Defendants' response do raise one issue with respect to the Recommendation, and this court will modify the recommended order in part as it relates to the suppressors. This court will grant Plaintiff's motion for release of the boxes of gun parts and direct Defendants to release those parts, including suppressors, in a manner consistent with 18 U.S.C. § 922(g) as explained in <u>Henderson v. United States</u>, 575 U.S. 622 (2015).

Finally, Plaintiff moved for an extension of time to file a reply. (Doc. 17.) That motion is granted without objection, and Plaintiff's reply is deemed timely filed.

## II. <u>Conclusion</u>

For the reasons set forth herein,

**IT IS ORDERED** that Plaintiff's motion for extension of time to file a reply, (Doc. 17), is **GRANTED,** and Plaintiff's reply is deemed timely filed;

**IT IS FURTHER ORDERED** that Plaintiff's Motion Regarding Return of Property Referenced in Joint Status Report, (Doc. 15), is **DENIED;**

**IT IS FURTHER ORDERED** that the Magistrate Judge's Recommendation, (Doc. 13), is **ADOPTED AS MODIFIED;**

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss, (Doc. 6), is **GRANTED IN PART AND DENIED IN PART;**

**IT IS FURTHER ORDERED** that Defendants shall release the boxes of gun parts claimed by Plaintiff in a manner consistent with 18 U.S.C. § 922(g) and <u>Henderson v. United States</u>, 575 U.S. 622 (2015);

**IT IS FURTHER ORDERED** that the computer and other electronic devices should be retained by Defendants during the pendency of Mr. Stillwell's ongoing criminal prosecution; and

**IT IS FURTHER ORDERED** that this action be dismissed without prejudice.

A Judgment consistent with this Order shall be entered contemporaneously herewith.

-8-

This the 21th day of March, 2022.

_____
United States District Judge